UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

BAYRON MELENDEZ ESCAMIILLA,

Petitioner,

v.

No. 1:26-CV-414-H

MARCELLO VILLEGAS, et al.,

Respondents.

**ORDER**

Bayron Melendez Escamilla entered the United States illegally 19 years ago. Dkt. No. 1 at 10. In August 2026, he was "placed in immigration detention" following an encounter with law enforcement. *Id.* He is presently in ICE custody. *Id.* Melendez Escamilla acknowledges that he is a citizen of El Salvador who "entered the United States without inspection." *Id.* Before the Court is his habeas petition, which demands his immediate release or a bond hearing based on the Due Process Clause of the Fifth Amendment. *Id.* at 11–14.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Melendez Escamilla's petition, and it has determined that:

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

Melendez Escamilla's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Melendez Escamilla is not entitled to relief, the Court denies the petition (Dkt. No. 1).

Further, Melendez Escamilla's motion to transfer this case to the Eastern District of California (Dkt. No. 2) is denied as moot. At the time he filed his habeas petition, Melendez Escamilla was detained at Bluebonnet Detention Center in Anson, Texas, which is in this division of the Northern District of Texas. *See* Dkt. No. 2 at 2. However, in the interceding weeks, ICE transferred him to an immigration processing center in California City, California. *Id.* But as Melendez Escamilla correctly indicates, his "subsequent transfer . . . d[id] not divest [the Court] of jurisdiction that properly attached when the habeas action was filed." *Id.* at 3 (citing *Griffin v. Ebert*, 751 F.3d 288, 290 (5th Cir. 2014)); *see Griffin*, 751 F.3d at 290 ("Jurisdiction attached on th[e] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 181 F.4th 608, 609 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

change."). For that reason, there is no jurisdictional bar to the Court considering Melendez Escamilla's petition, and the Court having considered the petition and finding that it should be denied, there is no reason to transfer this case.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on September 4, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE